# GRAFTON,

## JANUARY TERM, A. D. 1847.

## RANDLET *v.* HERREN.

If an auditor has been appointed in a case not requiring the investigation of accounts and examination of vouchers, his report will be rejected; and the court will not examine and decide questions of law arising out of facts by him reported, unless it appear that the parties have agreed to the appointment, and to his mode of proceeding.

An auditor has not authority, under the statute, to examine, as a witness, the wife of a party.

ASSUMPSIT. The writ contained two counts, for money had and received, and money paid. The action was referred to an auditor, who reported, substantially, that in July, 1842, the defendant owed the plaintiff a note of

Randlet *v.* Herren.

$48.72, and turned over to him a note of one Adams Moore, for $56, taking in exchange the note of $48.72, and a note of the plaintiff for the difference of $7.28, which last note was afterwards paid, but the note of Adams Moore had never been paid. The auditor further reported all the evidence in the case, by which it appeared that he admitted the wife of the plaintiff to testify, subject to exception; and then reported that if, in the opinion of the court, the burden of proof was upon the defendant to show that the note of Adams Moore was expressly intended to be in payment of the defendant's note of $48.72, he found to be due the plaintiff the sums of $48.72 and $7.28, with interest thereon, subject to the defendant's exceptions.

*Bellows,* for the plaintiff.

*Morrison,* for the defendant.

GILCHRIST, J. The Revised Statutes, chapter 189, section 1, provide that "whenever it shall appear to the Superior Court or Court of Common Pleas that an investigation of accounts or an examination of vouchers is necessary in any action pending in such court, they may appoint one or more auditors, to state the account between the parties, and make report to the court."

This is the source of the power of the court to appoint auditors, and clearly indicates the cases in which it may be exerted. In the case before us, it does not appear that such an investigation or such an examination was necessary. Neither accounts were exhibited for investigation, nor vouchers submitted for examination. The court, then, were not authorized to appoint an auditor, and the report should consequently be rejected, if the appointment rested on no other foundation than the power of the court derived from the statute. *Brewster* v. *Edgerly,* 13 N. H. 275.

Randlet *v.* Herren.

But the parties might have agreed to the appointment of an auditor, and in that case such an officer might have been appointed by the court; but his acts, if there were no accounts or vouchers, must derive their validity in like manner from the agreement of parties.

The duty of an auditor is defined by the statute cited. It is to state the account between the parties, and to make report to the court. He has no power to state facts raising questions of law. But this, too, the parties may agree that he shall do; and they may elect to treat him as a commissioner, to report the facts and evidence.

The report raises sundry questions of law upon the facts reported in this case. Before the court can proceed to examine and decide them, it must appear that they are regularly before us, which does not appear upon the face of the papers. As these appear, the report should be set aside, and the rule appointing the auditor vacated. But as the parties may have agreed, both to the appointment of the officer and upon the nature of his functions, inquiry may be made how the facts are.

One question presented by the report may be disposed of. The statute (ch. 189, which has been cited) gives power to the auditor to examine the parties upon oath; but the law which excludes the wife of a party from testifying in a cause, is not affected by that provision.

*Report rejected.*